**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JULIO CESAR GRIJALVA,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL NO. SA-26-CV-7151-OLG** |
| **MARKWAYNE MULLIN *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Julio Cesar Grijalva's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Upon consideration, the Court finds that the Petition must be **DISMISSED** without service on Respondents.

Petitioner is a native of Mexico who entered the United States in 1996 at the age of five. *See* Dkt. No. 1 at 8. At some point thereafter, he was placed in the removal proceedings and granted voluntary departure, which he appealed. *Id.* That appeal is administratively closed. *Id.* In 2017, Petitioner applied for a U-visa. *Id.* at 9. While that application has not yet been resolved, he received a bona fide determination and was granted deferred action and employment authorization. *Id.* In 2026, Petitioner was encountered by immigration authorities and taken into custody. *Id.* On November 11, 2026, Petitioner initiated this habeas action asserting rights under a preliminary injunction issued in the Central District of California and the due process clause. *See ICWC v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026).[1]

---

[1]Petitioner also asserts entitlement to habeas relief based on the *Accardi* doctrine. *See* Dkt. No. 1 at 14. This claim is **DISMISSED**. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief").

Petitioner asserts that he is a member of the class preliminarily certified in *ICWC*, and that his detention is therefore unlawful. *See* Dkt. No. 1 at 11–12. The problem for Petitioner, however, is that "most district courts have expressly found *ICWC* does not apply outside the Central District of California, often concluding the injunction is still in its preliminary stages and an appeal is pending, meaning that the injunction is not yet final and does not hold nationwide or preclusive affect." *E.g.*, *Kumstis v. Figueroa*, No. 26-1724, 2026 WL 3169681, at *5 (W.D. Okla. Oct. 22, 2026) (collecting cases); *see Martinez v. Blanche*, No. 26-CV-609, 2026 WL 2824542, at *2 (D. Idaho Sep. 21, 2026) ("*ICWC* is a preliminary, non-final order issued by another district court, and Petitioner identifies no authority establishing that the *ICWC* order independently entitles a class member to habeas relief in another district." (collecting cases)). Furthermore, even if the Court were to enforce *ICWC* here, "Petitioner has not explained why the *ICWC* order entitles him to release from custody. The relief entered in *ICWC* concerned ICE's challenged enforcement policies and did not, on its face, establish that every class member is entitled to release from detention." *Martinez*, 2026 WL 2824542, at *2; *see C.D. v. Blanche*, No. 26-CV-3566, 2026 WL 2588362, at *5 (D. Minn. Sep. 2, 2026) ("[T]he Court concludes that *ICWC* does not require the Court to issue a writ of habeas corpus prohibiting Mr. C.D.'s removal or ordering his release from custody.").

Petitioner also asserts that his detention violates his due process rights. *See* Dkt. No. 1 at 12–16. But because Petitioner has never been admitted to the United States, "due process does not entitle [him] to additional proceedings beyond what Congress has provided." *See Rodriguez v. Vergara*, --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026). And Petitioner provides no indication that he has been deprived of any additional proceedings prescribed by Congress. Nor is his right to release "deeply rooted in this Nation's history and tradition." *Id.* at *11. Furthermore,

Petitioner's U-visa application does not "impact Respondents' ability to remove him." *E.g.*, *Candia v. Raycraft*, No. 26-CV-1086, 2026 WL 1944989, at *4 (W.D. Mich. July 6, 2026). Indeed, the pendency of a U-visa application "has no effect on ICE's authority to execute a final order," and "Petitioner can still pursue his U-visa petition from outside the United States." *Id.* (citation modified).

For all of the foregoing reasons, the Petition (Dkt. No. 1) is **DISMISSED**.

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on November 16, 2026.

ORLANDO L. GARCIA
United States District Judge